OPINION of the Court, by
Judge Owsley.
— This was a scire Jadas brought by the commonwealth against the appellants upon a recognizance purporting to have been acknowledged before Valentine Peers and Andrew H. Wright, two of the justices of the peace for Bourbon county. The appellants appeared, and pleaded in substance, that Andrew II. Wright, one of the persons before whom the recognizance was acknowledged, had, subsequent to the dike of his commission and his oath of office in pursuance thereof, and previous to the dajr. *431 of acknowledgment of the recognizance, removed his residence out of the county of Bourbon to the county of Fleming, whereby he had vacated and forfeited his office as justice of the peace, &c. This plea, by a general replication, was traversed by the attorney for the commonwealth, and issue joined thereto. On the trial of the issue the jury returned a special verdict, in substance, that Andrew H. Wright, previous to the spring 1812, was a resident of Bourbon county, and owned or possessed a farm in that county about three miles from Paris, but was a single man and kept his home at hia father’s in said county, and kept his farm rented out; that previous to the spring 1812, he engaged as a storekeeper, and stayed about one month with a merchant in Paris, Bourbon county ; that when the month expired he returned to his father’s in said county ; that he .’stáyed at his father’s about one month ; he then engaged with the same merchant at Sweneytown, in Bourbon county, where he stayed and performed the business of store keeper about two months ; that he after-wards returned to his father’s, where he stayed about three months, ending on about the I4ih of April 1812, when he went to Flemingsburg, in the county of Fleming, and commenced store-keeping with a merchant ' of that place, under a contract with him to keep his store for wages four months, and continued there to keep store four successive calendar months, commencing on the 14ch of April 1812, and during that period had his washing and boarding done at Flemingsburg ; and at the expiration of that time returned to Bourbon county, when he took the acknowledgment of the recognizance in question, having previous to his absence at Flemingsburg been duly commissioned a justice for Bourbon county ; and if the court should be of opinion that the law was in favor of the commonwealth on they facts found, the jury then found for the commonwealth, otherwise they found for the defendants in the scire fa-cias. The court being of opinion the law was in favor of the commonwealth, awarded judgment in her favor, from which the appellants have appealed to this court.
The main question for the decision of this court is, do the facts found by the jury in their special verdict establish such a removal by Wright as in lav/ vacates and forfeits his office ? We are of opinion they do. not. *432 \y“e have been unable to find any statute declaring the absence of a justice four months a forfeiture of his office. It is true justices of the peace are commissioned for particular counties, and in strict propriety are denominated county officers : and consequently a removal from the county where commissioned would tend to the forfeiture of the office. A removal, however, to have that effect, we apprehend should not be such an one as that described in the special verdict — a bare temporary departure from the county under a special contract to keep store for four months, with an intent then to return to his plaee of residence ; hut to have the effect of forfeiting the office, the removal should be absolute, with an intent to change the residence. Such a change of residence not having been found bv 'he jury, the court below properlv adjudged the law in favor of the commor wealth. — Judgment affirmed.: *